J-S17015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BAKARI JVONNE THOMAS, | |
| Appellant | No. 3135 EDA 2016 |

Appeal from the PCRA Order of August 31, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003663-2009

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                **FILED APRIL 12, 2017**

Appellant, Bakari Jvonne Thomas, appeals from the order entered on August 31, 2016, dismissing as untimely his second petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On August 17, 2009, Appellant and his co-defendant robbed a victim at gunpoint in the victim's home.  Appellant's co-defendant pistol-whipped the victim, rendering him unconscious. When the victim awoke, he required hospitalization for a concussion and stitches for a head wound.  On September 29, 2010, a jury convicted Appellant of conspiracy, aggravated

assault, and two counts of robbery.[1]  Thereafter, the trial court also convicted Appellant of persons not to possess a firearm.[2]

At the sentencing hearing, the trial court determined that Appellant had a prior assault conviction from Texas and that this adult conviction constituted a predicate crime of violence under 42 Pa.C.S.A. § 9714.[3]  On February 3, 2011, the trial court sentenced Appellant to an aggregate term of 15 to 30 years of imprisonment.  More specifically, the trial court sentenced Appellant to a mandatory term of 10 to 20 years of incarceration for aggravated assault and a consecutive term of five to 10 years of imprisonment for persons not to possess a firearm.  The trial court imposed terms of 10 to 20 years of imprisonment for conspiracy and one count of robbery, each to be served concurrently to his aggravated assault conviction.  The remaining robbery conviction merged with the other for sentencing purposes.

We affirmed Appellant's judgment of sentence on January 3, 2012.  *Commonwealth v. Thomas*, 43 A.3d 511 (Pa. Super. 2012) (unpublished

---

[1]  18 Pa.C.S.A. §§ 903, 2702(a)(1), and 3701(a)(1), respectively.

[2]  18 Pa.C.S.A. § 6105.

[3] "Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement[.]"  42 Pa.C.S.A. § 9714 (a).

memorandum). On June 27, 2012, our Supreme Court denied further review. *Commonwealth v. Thomas*, 47 A.3d 847 (Pa. 2012).

On June 10, 2010, Appellant filed a *pro se* PCRA petition. Counsel was appointed, but the trial court later granted counsel's "no-merit" letter and petition for leave to withdraw as counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 1, 2013, pursuant to Pa.R.Crim.P. 907, the PCRA court gave Appellant notice of its intent to dismiss the PCRA petition without an evidentiary hearing. Despite receiving an extension of time to file a response, Appellant did not file one. On April 11, 2014, the PCRA court dismissed Appellant's first PCRA petition. Appellant did not appeal that determination.

On March 28, 2016, Appellant filed a *pro se* motion to correct an illegal sentence. The PCRA court treated this motion as a second PCRA petition.[4] On April 19, 2016, the PCRA court ordered the Commonwealth to file an answer. The Commonwealth complied on May 25, 2016. On August 9, 2016, the PCRA court gave Appellant notice of its intent to dismiss the PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907.

---

[4] Appellant does not challenge the PCRA court's characterization of the motion as a PCRA petition. Regardless, this Court has held that "a defendant's motion to correct his illegal sentence [is] properly addressed as a PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

Appellant did not respond. On August 31, 2016, the PCRA court entered an order dismissing Appellant's PCRA petition as untimely. This timely *pro se* appeal resulted.[5]

On appeal, Appellant presents the following issues for our review:

1. Did the trial court err or abuse its discretion where it [] improperly enhance[d] [Appellant's] sentence pursuant to 42 Pa.C.S.[A.] § 9714, using a prior juvenile adjudication as a second strike[?]

2. Did the trial [c]ourt lack the necessary subject matter jurisdiction to enhance [Appellant's] sentence pursuant to an inapplicable statute[?]

Appellant's Brief at 4.

Our standard of review is clear:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at

_____

[5] The Clerk of Courts of the Court of Common Pleas of Chester County sent the order dismissing Appellant's PCRA petition by certified mail on September 2, 2016. Thus, Appellant had until October 3, 2016 to file a timely notice of appeal. *See* Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk of courts mails or delivers copies of the order to the parties; *see also* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); *see also* 1 Pa.C.S.A. § 1908 (whenever the last day of the appeal period falls on a weekend, such day shall be omitted from the computation of time). Here, Appellant dated his notice of appeal September 27, 2016 and it was time-stamped on October 3, 2016. Hence, it was timely. On October 18, 2016, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) relying largely upon its rationale in its August 9, 2016 Rule 907 notice and August 31, 2016 order dismissing the PCRA petition.

the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo.*

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence.

\* \* \*

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended. This is to accord finality to the collateral review process. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

The PCRA provides, in relevant part, as follows.

**§ 9545. Jurisdiction and proceedings**

\* \* \*

(b) Time for filing petition.—

(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year

- 5 -

of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

***Commonwealth v. Miller***, 102 A.3d 988, 992–993 (Pa. Super. 2014) (original quotations, brackets, and most citations omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, our Supreme Court denied further review of Appellant's direct appeal on June 27, 2012. Thus, Appellant's judgment of sentence became

final 90 days later, or on September 25, 2012, when the time for seeking discretionary review with the United States Supreme Court expired. **See** U.S. Supreme Court Rule 13. Hence, Appellant's current PCRA petition, filed on March 28, 2016, was patently untimely.

On appeal to this Court, Appellant first claims that a trial court never relinquishes its jurisdiction to correct an illegal sentence. Appellant's Brief at 8, 12. However, Pennsylvania courts have consistently concluded that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (internal citation omitted).

In his PCRA petition, Appellant relied upon two United States Supreme Court decisions, **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016) and **Alleyne v. United States**, 133 S.Ct. 2151 (2013,) to support his claim that new constitutional rights entitled him to relief on his illegal sentencing claim. In **Montgomery**, the United States Supreme Court reexamined its decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), wherein "the [**Miller**] Court held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing."

*Montgomery*, 136 S.Ct. at 725.[6] In particular, *Montgomery* considered "whether [the *Miller*] holding [wa]s retroactive to juvenile offenders whose convictions and sentences were final when *Miller* was decided." *Id.* The *Montgomery* Court recognized that a "new constitutional rule of criminal procedure does not apply, as a general matter, to convictions that were final when the new rule was announced." *Montgomery*, 136 S.Ct. at 728. Whereas, "new substantive rules are [] retroactive." *Id.* at 730. The *Montgomery* Court noted,

> Substantive rules [] set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the State's power to impose. It follows that when a State enforces a proscription or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful. Procedural rules, in contrast, are designed to enhance the accuracy of a conviction or sentence by regulating the manner of determining the defendant's culpability. Those rules merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Even where procedural error has infected a trial, the resulting conviction or sentence may still be accurate; and, by extension, the defendant's continued confinement may still be lawful. For this reason, a trial conducted under a procedure found to be unconstitutional in a later case does not, as a general matter, have the automatic consequence of invalidating a defendant's conviction or sentence.

*Id.* at 729–730 (internal citations and quotations omitted).

_____

[6] Because Appellant did not receive a life sentence and there is no dispute that Appellant was an adult in 2009 when the crimes at issue were committed, *Montgomery* and *Miller* are not directly applicable to Appellant.

Here, Appellant claimed in his PCRA petition that "***Montgomery*** explicitly makes ***Alleyne***[] retroactive." Pro Se PCRA Petition, 3/28/2016, at 4. We disagree with Appellant's declaration. "***Alleyne*** held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." ***Commonwealth v. Washington***, 142 A.3d 810, 812 (Pa. 2016), *citing* ***Alleyne***, 133 S.Ct. at 2163. Our Pennsylvania Supreme Court ultimately determined that the rule announced in ***Alleyne*** was procedural and "does not apply retroactively to cases pending on collateral review." ***Id.*** at 819-820. Thus, Appellant cannot rely upon ***Alleyne*** as a newly recognized constitutional right exception to timeliness under the PCRA.

Finally, this Court has recently

> considered the constitutionality of Section 9714 in ***Commonwealth v. Reid***, 117 A.3d 777 (Pa. Super. 2015). In ***Reid***, this Court acknowledged that the ***Alleyne*** decision retained [a narrow] exception for prior convictions. ***Reid***, 117 A.3d at 784. The ***Reid*** Court held that Section 9714 is not unconstitutional because it increases mandatory minimum sentences based on prior convictions. ***Reid***, 117 A.3d at 785.

***Commonwealth v. Furness***, 2016 WL 7406808, at *6 (Pa. Super. 2016). We note, however, that the Pennsylvania Supreme Court recently granted an allowance of appeal to consider the constitutionality of mandatory minimum sentences imposed pursuant to Section 9714. ***See Commonwealth v. Bragg***, 133 A.3d 328 (Pa. Super. 2016), *appeal granted*, 143 A.3d 890 (Pa.

2016).  Until our Supreme Court renders a decision in **Bragg**, we are bound by the **Reid** Court's finding that Section 9714 is constitutional.  **See Commonwealth v. Slocum**, 86 A.3d 272, 278 n. 9 (Pa. Super. 2014) ("This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court.").

As Appellant's current PCRA petition is patently untimely and not subject to an exception, the PCRA court was without jurisdiction to entertain the merits of Appellant's claims.  Accordingly, the PCRA court properly dismissed Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2017